**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**MARY E. WILLS,**
**Claimant Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 20-0138** (BOR Appeal No. 2054512)
               (Claim No. 2017008750)

**PRINCETON COMMUNITY HOSPITAL ASSOCIATION,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mary E. Wills, by counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Princeton Community Hospital Association, by counsel Steven K. Wellman, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted Ms. Wills a 5% permanent partial disability award on May 19, 2017. On August 21, 2019, the Workers' Compensation Office of Judges ("Office of Judges") reversed the claims administrator's decision and granted a 4% permanent partial disability award. This appeal arises from the Board of Review's Order dated January 24, 2020, in which the Board of Review affirmed the 4% permanent partial disability award granted by the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

. . . . (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Office of Ins. Comm'r*, 235 W.Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W.Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Office of Ins. Comm'r*, 227 W.Va. 330, 334, 708 S.E.2d 524, 528 (2011). With these standards in mind, we proceed to determine whether the Board of Review committed error in affirming the decision of the Office of Judges.

On September 29, 2016, Ms. Wills injured her right elbow, right shoulder, right arm, and right hip when she fell on a wet floor while working as an operating room nurse. She initially sought treatment at Princeton Community Hospital and was diagnosed with contusion of the right shoulder, right elbow and right hip. An x-ray of the lumbar spine revealed no evidence of fracture; however, it was noted that an MRI may be considered. By Order dated October 12, 2016, the claims administrator held the claim compensable for right elbow, shoulder, and hip injuries. Subsequently, sprain/strain of the rotator cuff and contusions to the right shoulder, elbow, and hip were added as compensable diagnoses on November 30, 2016.

David Soulsby, M.D., performed an independent medical evaluation and issued a report dated April 13, 2017. In his report, Dr. Soulsby concluded that Ms. Wills had reached her maximum degree of medical improvement for the right shoulder and elbow but not for the right hip/low back injuries. He noted that the range of motion in the hips was unremarkable and that the compensable hip contusion was resolved. Dr. Soulsby found 5% whole person impairment attributable to the compensable injury. Based upon Dr. Soulsby's recommendation, the claims administrator granted Ms. Wells a 5% permanent partial disability award on May 19, 2017. Ms. Wills protested the claims administrator's decision.

Robert B. Walker, M.D., performed an independent medical evaluation on September 24, 2018. Dr. Walker opined that Ms. Wills had 10% whole person impairment for the right upper extremity due to range of motion limitations in the right shoulder and elbow. He also found 2% whole person impairment for the right hip due to restrictions in flexion. Dr. Walker recommended 8% whole person impairment for a non-compensable low back condition. In all, Dr. Walker found that Ms. Wills had a total of 19% impairment.

On May 20, 2019, Prasadarao B. Mukkamala, M.D., performed an independent medical evaluation. Dr. Mukkamala noted that although Ms. Wills reported an injury to her low back

2

resulting from the compensable incident, the claim was not compensable for any condition resulting from the lumbar spine. He concluded that she had reached her maximum degree of medical improvement for the compensable sprain/strain injuries to the right shoulder, right elbow, and right hip. Dr. Mukkamala found normal range of motion in the right hip. However, he did find reduced range of motion in the right upper extremity. For the right shoulder and elbow, Dr. Mukkamala assessed 4% whole person impairment.

On August 21, 2019, the Office of Judges reversed the May 19, 2017, Order of the claims administrator and granted Ms. Wills a 4% permanent partial disability award. The Office of Judges thoroughly considered three independent medical reports regarding permanent impairment, as well as the litigation history. In his report of April 13, 2017, Dr. Soulsby found that Ms. Wills has 5% whole person impairment. She was subsequently evaluated by Dr. Walker on December 14, 2018, and was found to have a total of 19% whole person impairment. The Office of Judges noted that Dr. Walker's impairment rating includes a rating for the lumbar spine, which is not a component of the claim. The Office of Judges determined that the report of Dr. Mukkamala is the most reliable evaluation of record because he was able to consider all compensable components of the claim at maximum medical improvement. Dr. Mukkamala found 4% whole person impairment. Based upon Dr. Mukkamala's rating, the Office of Judges concluded that Ms. Wills has 4% whole person impairment for the injury of September 29, 2016. The Board of Review issued an Order dated January 24, 2020, adopting the findings of fact and conclusions of law of the Office of Judges and affirmed the decision.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The evidence supports the conclusion that Ms. Wills has 4% whole person impairment for her compensable injury. Although Dr. Soulsby recommended 5% whole person impairment, he noted that Ms. Wills had not reached maximum medical improvement for her right hip at the time of the evaluation. Dr. Mukkamala actually determined that Ms. Wills had improved since the evaluation by Dr. Soulsby, and assessed 4% whole person impairment. As such, the Office of Judges found Dr. Mukkamala to be the most reliable evaluator of record having considered all of Ms. Wills's compensable components at maximum improvement. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton